JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O. MURRIN III and DEVONNA K. MURRIN<br><br>Petitioners,<br><br>vs.<br><br>STEVEN OLASKY, STEVEN OLASKY & ASSOCIATES and NEWCOMB & COMPANY, AND FINANCIAL INDUSTRY REGULATORY AUTHORITY<br><br>Respondents. | Case No. 2:15-CV-08288<br><br>**JUDGMENT** |

Petitioners JOHN OWEN MURRIN III and DEVONNA K. MURRIN ("Petitioners"), Respondents STEVEN OLASKY and STEVEN OLASKY & ASSOCIATES (the "Olasky Respondents"), (collectively referred to as the "Parties") stipulated to confirm relevant portions of the FINRA Arbitration Award in the FINRA arbitration entitled: <u>Devonna K. Murrin, John O. Murrin v. Newcome and Company Steven Olasky Steven Olasky & Associates</u>, FINRA Case no. 13-03427 (the "Award").

After duly considering the papers filed by the Parties, the Court rules that good cause exists to Grant the Parties Stipulation to Confirm Items 1 and 2 of the Award.

**WHEREFORE, IT IS ADJUDGED and DECREED** that judgment shall be and hereby is entered confirming the Award as follows:

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are denied in their entirety.

2. The Panel recommends the expungement of all references to the above-captioned arbitration from Respondent Steven Olasky's registration records maintained by the CRD, with the understanding that pursuant to Notice to Members 04-16, Respondent Steven Olasky must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, the parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FIRNA with all appropriate documents.

Pursuant to Rule 12805 of the Code, the Panel has made the following Rule 2080 affirmative finding of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; and The Claim, allegation, or information is false

The Panel has made the above Rule 2080 findings based on the following reasons:

Based on the Statement of Claim, Steven Olasky's BrokerCheck report and all of the testimony and admitted exhibits at the hearing, the Panel concluded that there was

no wrongdoing on Steven Olasky's part.  He had no agreement with Claimants or retail customers, and he did not act as their registered representative.  He prepared no documents and he was not aware of now-alleged issuer limitations.  He concealed nothing, misrepresented nothing and he did not directly participate in the sale of any securities to Claimants.  IN summary the evidence for involvement in the claims was insufficient or non-existent.

**JUDGMENT IS SO ENTERED.**

Date: January 5, 2016

_____
HONORABLE MICHAEL W. FITZGERALD, JUDGE OF THE CENTRAL DISTRICT

**Submitted jointly by:**
PATRICK R. MAHONEY, CASB No. 269607
patrick@pmahoneylaw.com
THE LAW OFFICES OF PATRICK R. MAHONEY, P.C.
1500 Rosecrans Ave., Suite 500
Manhattan Beach, CA 90266
Telephone:  (213) 805-5677
Fax:   (213) 805-6477

Attorney for Respondents
STEVEN OLASKY and STEVEN OLASKY & ASSOCIATES

ANTHONY F. WIEZOREK (SBN 54803)
afw@wiezorekpayne.com
WIEZOREK & PAYNE
5150 E. Pacific Coast Highway, Ste. 605
Long Beach, California  90804
Telephone: (562) 433-0386;
Fax: (562) 433-8926

Attorneys for Petitioners
J. OWEN MURRIN and DEVONNA K. MURRIN